JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Florence Daniels ("Daniels") appeals the trial court's imposition of maximum consecutive sentences in connection with two cases. We find merit to this appeal, vacate the sentence, and remand for resentencing.
 {¶ 2} In February 2003, Daniels pled guilty in case Nos. CR-431932 and CR-429306 to two counts of forgery and one count of receiving stolen property, all fifth degree felonies. The events giving rise to the indictments occurred in September and October 2002. In the first case, Daniels forged a check for $176.54 made payable to Auto Zone. A month later, she forged a $205 check payable to Giant Eagle and unlawfully used a Giant Eagle Advantage Card in connection with the forged check.
 {¶ 3} After considering the presentence investigation report and Daniels' testimony, the trial court sentenced her to the maximum prison term of one year for each count, to be served consecutively, for a total of three years. Daniels appeals, raising one assignment of error.
 {¶ 4} In her sole assignment of error, Daniels argues that the court erred by imposing maximum consecutive sentences. Specifically, Daniels contends that the trial court failed to make the necessary statutory findings for a prison term on fifth degree felonies, that the record does not support the imposition of a maximum sentence, and that the trial court failed to state its reasons to support consecutive sentences.
 {¶ 5} This court reviews a felony sentence de novo. R.C. 2953.08. A defendant's sentence will not be disturbed on appeal unless the reviewing court finds, by clear and convincing evidence, that the record does not support the sentence or that the sentence is contrary to law. R.C.2953.08(G)(1); State v. Hollander (2001), 144 Ohio App.3d 565; State v.Rigo, (June 21, 2001), Cuyahoga County App. No. 78761. Clear and convincing evidence is that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 Prison Term on Fifth Degree Felony {¶ 6} Daniels argues that the trial court erred by imposing a prison term on fifth degree felonies without making the requisite statutory findings to overcome the presumption of community control sanctions. We disagree.
 {¶ 7} Before the court can impose a prison term for a fourth or fifth degree felony, it must give "its reasons for imposing the prison term, based upon the overriding purposes and principles of felony sentencing set forth in section R.C. 2929.11, and any factors listed in division (B)(1)(a) to (h) of section 2929.13 that it found to apply relative to the offender." R.C. 2929.19(B)(2)(a).
 {¶ 8} At the sentencing hearing, the trial court rejected defense counsel's request for an available community control sanction and found a prison term was warranted, stating:
"I don't know whether you are going to straighten your life out or notwith this program. As I look at the situation here, your criminal recordclearly says to me that you are a person who has the greater likelihoodof committing future crime. We have got a 27 year history, continuoushistory of forgery and other similar offenses with five penitentiarysentences.
 Frankly, the way I look at this is that either you are going tostraighten yourself out and I don't know when [sic] people like you do tostraighten themselves out, I have seen people with your kind of habitscontinuing to do this up until their '70's.
* *
I don't know whether that's what you are going to do with your life andkeep going to the penitentiary or not. I don't have a crystal ball onthis. But I think that based upon the only information which I do have atthis point, which isn't very much, it doesn't alter my conclusion thatyou are a professional paper hanger with five prior imprisonments, withno noticeable job record, no dependents, no siblings, no parents, thatbasically you lived for a very long period of time simply by hangingpaper and you picked up a drug addiction at the same time.
 So I think under those circumstances that you are not only a personwith a greatest likelihood of committing future crime, but thatconsecutive sentence, prison sentences are necessary to protect thepublic from you at this particular time based upon the information, whichI now have.
 So for that reason I am going to impose the consecutive sentences. AndI am going to impose on each of these counts the maximum sentence of oneyear. And I am going to run them consecutively for a period of threeyears. I think that a three year sentence is not disproportionate to yourdanger to the public and seriousness of what you have done in thesecases, taking into account how long this has been going on as well. But Ithink that, frankly, the sentence like this is necessary to protect thepublic from you."
 {¶ 9} Daniels argues that the trial court erred by deviating from the presumption of community control sanctions for each fifth degree felony when it merely found that she had a criminal record. Contrary to Daniels' assertion, we find that the record reflects otherwise.
 {¶ 10} Here, the trial court found that one of the factors set forth in R.C. 2929.13(B)(1) applied because Daniels had previously served a prison term. R.C. 2929.13(B)(1)(g). The trial court also found that Daniels' extensive history of committing forgery and her unresponsiveness to five previous prison terms demonstrated a high likelihood of recidivism. R.C. 2929.12(D)(2)(3). Additionally, the trial court found that Daniels' lack of any actual employment history combined with her drug addiction and family circumstances, i.e., no dependents, siblings, or parents, were also relevant factors indicative of a greater likelihood of recidivism. R.C. 2929.12(D). Thus, based on these circumstances, the trial court found a prison term was necessary to adequately punish Daniels and to protect the public from future harm. Accordingly, we find that the trial court fully complied with R.C.2929.19(B)(2)(a) when it imposed a prison term for each fifth degree felony.
 {¶ 11} Daniels also asserts that the trial court failed to comply with R.C. 2929.13(B)(2)(a) because it did not specifically find that she was "not amenable to an available community control sanction."
 {¶ 12} R.C. 2929.13(B)(2)(a) provides:
"If the court makes a finding described in division (B)(1)(a), (b),(c), (d), (e), (f), (g), (h), or (i) of this section and if the court,after considering the factors set forth in section 2929.12 of the RevisedCode, finds that a prison term is consistent with the purposes andprinciples of sentencing set forth in section 2929.11 of the Revised Codeand finds that the offender is not amenable to an available communitycontrol sanction, the court shall impose a prison term upon theoffender."
 {¶ 13} Based on the plain language of the statute, we find that R.C. 2929.13(B)(2)(a) places a mandatory duty on a trial court to impose a prison term when all the stated factors are met. However, the statute does not preclude the imposition of a prison term for a fifth degree felony when a sentencing judge fails to make all the findings contained within R.C. 2929.13(B)(2)(a). See State v. Caldwell (Dec. 12, 2003), Lake App. No. 2002-L-142. Additionally, Daniels incorrectly asserts that there is an automatic presumption of community control sanctions for a fourth or fifth degree felony. See Griffin Katz, Ohio Felony Sentencing Law, 1996-97, pp. 61-62, 67; State v. Painter, Ashtabula App. No. 2000-A-0093, 2002-Ohio-1436.
 {¶ 14} Nonetheless, we find that the trial court determined that Daniels was not amenable to community control sanctions. Although the court did not use the exact language of the statute, the court implicitly found that Daniels was not amenable to an available community sanction by explaining that a prison term was necessary to protect the public from future harm. See State v. Hollander (2001), 144 Ohio App.3d 565. Furthermore, the court made its findings in direct response to defense counsel's request for community control sanctions. Accordingly, we hold that the trial court's imposition of a prison term for each fifth degree felony complies with both R.C. 2929.13(B)(2)(a) and 2929.19 (B)(2)(a).
 Maximum Sentences {¶ 15} Daniels also argues that the trial court erred by imposing the one-year maximum sentence on each of the fifth degree felonies. Specifically, she argues that her criminal history does not support a finding that she poses the greatest likelihood of committing future offenses.
 {¶ 16} R.C. 2929.14(C) allows the sentencing court to impose a maximum sentence on an offender under certain circumstances. In State v.Edmonson (1999), 86 Ohio St.3d 324, 329, the Ohio Supreme Court determined that in order to lawfully impose the maximum term, the record must reflect that the trial court imposed the maximum sentence after having first found that the offender satisfied one of the criteria set forth in R.C. 2929.14(C). As pertinent to this appeal, R.C. 2929.14(C) permits the court to impose a maximum sentence "upon offenders who pose the greatest likelihood of committing future crimes."
 {¶ 17} R.C. 2929.19(B)(2)(d) further requires that the trial court "make a finding that gives its reasons for selecting the sentence imposed[.]"Edmonson, supra, at 328. While the court need not use the exact language of the statute, it must be clear from the record that the trial court made the required findings. Hollander, supra, at 569. Moreover, the trial court must make these findings on the record orally at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, paragraphs one and two of the syllabus. See, also, Statev. Burgin, Hamilton App. No. C-020755, 2003-Ohio-4963.
 {¶ 18} In determining whether an offender poses the greatest likelihood of committing future crimes, a trial court must consider the five factors enumerated in R.C. 2929.12(D). "There is no requirement that more than one of the five factors be present in order for the trial court to determine that the offender poses the greatest likelihood of committing future crimes." State v. Chike, Lake App. No. 2001-L-120, 2002-Ohio-6912. Specifically, R.C. 2929.12(D) provides, in pertinent part:
"* * *
(2) The offender previously was adjudicated a delinquent childpursuant to Chapter 2151. of the Revised Code prior to January 1,2002, or pursuant to Chapter 2152. of the Revised Code, or theoffender has a history of criminal convictions.
 (3) The offender has not been rehabilitated to a satisfactory degreeafter previously being adjudicated a delinquent child pursuant toChapter 2151. of the Revised Code prior to January 1, 2002, or pursuant toChapter 2152. of the Revised Code, or the offender has not respondedfavorably to sanctions previously imposed for criminal convictions.
* * *"
 {¶ 19} Based on the existence of these two factors, the court correctly determined that Daniels posed the greatest likelihood of committing future crimes. At the sentencing hearing, the court found that Daniels' extensive 27-year history of criminal convictions and previous five imprisonments demonstrated the greatest likelihood of recidivism. Moreover, the court observed that Daniels had essentially relied on her criminal activity to support herself because she had no apparent job record and no family support. The court also expressed its concern that, although Daniels was enrolled in a training program at the Veteran's Administration Medical Center, she was not receiving training in a vocation for which she would be eligible for employment.
 {¶ 20} Accordingly, we find that the trial court's determination that Daniels posed the greatest likelihood of committing future crimes is supported by clear and convincing evidence.
 Consecutive Sentences {¶ 21} Last, Daniels argues that the trial court erred by imposing consecutive sentences because it failed to provide its reasons on the record. We agree.
 {¶ 22} When a court imposes consecutive sentences, it must follow R.C. 2929.14(E)(4) and 2929.19(B)(2)(c). Under R.C. 2929.14(E)(4), the court must make three findings: (1) consecutive sentences are necessary either to protect the public or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and the danger the offender poses to the public, and (3) any of the following: (a) the offender committed the multiple offenses while awaiting trial or sentencing, (b) the harm caused by the multiple offenses was so great or unusual that no single term of imprisonment for offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct, or (c) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime.
 {¶ 23} Pursuant to R.C. 2929.19(B)(2)(c), the court must make a finding that gives its reasons for imposing consecutive sentences.Comer, supra. "Reasons are different from findings. Findings are the specific criteria enumerated in [R.C. 2929.14(E)(4)] which are necessary to justify [consecutive] sentences; reasons are the trial court's bases for its findings * * *." State v. Anderson (2001), 146 Ohio App.3d 427,437, 439. Moreover, the court must orally make its findings and state its reasons on the record at the sentencing hearing. Comer, supra, at 477.
 {¶ 24} We find that although the trial court made the requisite findings under R.C. 2929.14(E)(4) for imposing consecutive sentences, it failed to provide reasons supporting each finding at the sentencing hearing. Specifically, we find that the trial court failed to explain why consecutive sentences are not disproportionate to Daniels' conduct in the instant case. The court explained in great detail why it found consecutive sentences necessary to protect the public from future harm by Daniels based on her greater likelihood of recidivism. However, the trial court failed to address Daniels' specific conduct in this case as it pertains to the proportionality of a consecutive sentence. See State v.Youngblood (May 17, 2001), Cuyahoga App. No. 77997.
 {¶ 25} Therefore, because the trial court did not provide sufficient reasons for imposing consecutive sentences, Daniels' assignment of error has merit and requires a new sentencing hearing.
 {¶ 26} Sentence vacated and case remanded for resentencing.
 {¶ 27} The sentence is vacated, and this cause is remanded for resentencing.
It is ordered that appellant recover of appellee the costs herein taxed.
Patricia Ann Blackmon, P.J., and Timothy E. McMonagle, J., concur.
It is ordered that a special mandate issue from this court to the Cuyahoga County Court of Common Pleas to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.