DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal of the Sandusky County Court of Common Pleas' August 4, 2003 judgment sentencing appellant to 11 months in prison following appellant's guilty plea for the offense of having a weapon while under a disability.
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738. Appellant's counsel asserts that after reviewing the transcript in the proceeding, the presentence investigation report, and the relevant case and statutory law, he can find no arguable issues for appellate review. Appellant's counsel further states that he mailed a copy of the brief and motion to appellant and, pursuant to Anders, informed appellant that he had a right to file his own brief. Appellant did not file a pro se brief or otherwise respond to appellant's request to withdraw.
 {¶ 3} Appellant's counsel, consistent with Anders, has set forth the following potential assignment of error:
 {¶ 4} "The trial court erred to the prejudice of the Appellant/Defendant by sentencing him to 11 months in the state penitentiary on a felony of the fifth degree."
 {¶ 5} At the outset, this court notes that once the Anders
requirements are satisfied, the appellate court must conduct a full examination of the proceedings held below to determine that the appeal is frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Anders at 744.
 {¶ 6} Counsel's sole potential assignment of error raises the issue of whether appellant was properly sentenced to imprisonment for a fifth degree felony.
 {¶ 7} The potential prison sentences for a fifth degree felony are six, seven, eight, nine, ten, eleven, or twelve months. R.C. 2929.14(A)(5). However, for fifth degree felonies there is statutory guidance disfavoring imprisonment.
 {¶ 8} R.C. 2929.13(B)(1) provides that when sentencing for a fifth degree felony, "the sentencing court shall determine" whether any of the conditions set forth in R.C.2929.13(B)(1)(a)-(i) apply. If the sentencing court finds one of the conditions and "if the court, after considering the factors set forth in [R.C. 2929.12], finds that a prison term is consistent with the purposes and principles of sentencing set forth in [R.C. 2929.11] and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender." R.C.2929.13(B)(2)(a).
 {¶ 9} However, we note that a trial court's failure to find one of the R.C. 2929.13(B)(1) factors does not preclude the imposition of a prison sentence. State v. Szymanski (Dec. 3, 1999), 6th Dist. No. WD-99-006. R.C. 2929.13(B)(2)(b) provides that if a sentencing court does not find one of the R.C.2929.13(B)(1) factors: "and if the court, after considering the factors set forth in R.C. 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanction upon the offender." Thus, it is within the trial court's discretion as to whether community control sanctions or a prison term best comports with the purposes and principles of sentencing under R.C. 2929.11. (Citations omitted.) Id.
 {¶ 10} Further, whenever a trial court imposes a sentence of imprisonment for a fifth degree felony, whether based on R.C.2929.13(B)(1) or upon R.C. 2929.11 and 2929.12, the court must give its reasons for imposing the prison term; these reasons must be stated orally, at the sentencing hearing. R.C. 2929.19(B)(2);State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165.
 {¶ 11} During appellant's sentencing hearing, the trial court did not state that it found one of the factors under R.C.2929.13(B)(1) when sentencing appellant to prison term rather than community control. However, the judge reviewed the presentence investigation report and noted appellant's lengthy juvenile record (appellant was 19 on the date the PSI was compiled) including six juvenile probation violations. Appellant also had an adult conviction for underage consumption of alcohol. The court then concluded that "the presumption for Community Control has been overcome, and that the Defendant is not a fit subject for probation, * * *."
 {¶ 12} In its August 5, 2003 supplemental judgment entry, the court stated that it was sentencing appellant to a term of imprisonment based upon his criminal record; the fact that appellant acknowledged at sentencing that a condition of bond was that he was not to own, possess, or use a firearm but that the gun was only a .22 caliber weapon and "not that dangerous"; and the fact that appellant lied to the probation officer about his employment status. The court then found that: "imposing a community control sanction would demean the seriousness of the defendant's conduct (he has a complete disregard for the law); that the defendant poses the greatest likelihood of committing future crimes; and that a community control sanction, or even a minimum prison sentence, would not adequately protect the public."
 {¶ 13} Based on the foregoing, we find that the court properly stated its reasons for sentencing appellant to a term of imprisonment and properly considered the factors under R.C.2929.12. Accordingly, we find that appellant's potential assignment of error is not well-taken.
 {¶ 14} Upon our independent review of the record, we find no other meritorious grounds for appeal. Accordingly, this appeal is found to be without merit and wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is granted.
 {¶ 15} On consideration whereof, we find that appellant was not prevented from having a fair proceeding, and the judgment of the Sandusky County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., Pietrykowski, J., Judith Ann Lanzinger, J.,
concur.