DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Court of Common Pleas. Defendant-appellant, Billy Ray Hartsock, entered a plea of no contest to, and was found guilty of, two counts of aggravated vehicular homicide and one count of failing to stop after an accident involving injury to persons or property. Thereafter, the lower court sentenced him to two consecutive terms of five years each on the aggravated vehicular homicide convictions and a consecutive term of eleven months on the failure to stop conviction, for a total sentence of ten years and eleven months. Appellant now challenges those sentences, raising the following assignments of error:
 {¶ 2} "Assignment of Error No. 1
 {¶ 3} "Appellant's sentences should be reversed and modified pursuant to Ohio R.C. § 2953.08(G), as they were contrary to law and not supported by the record.
 {¶ 4} "Assignment of Error No. 2
 {¶ 5} "The trial court's imposition of an eleven-month term of imprisonment for a fifth degree felony was contrary to law and not supported by the record."
 {¶ 6} In the early morning hours of February 1, 2003, Ricardo Ruiz and Arnoldo Ramos were crossing the street near the intersection of Broadway and Western in Toledo, Lucas County, Ohio, when they were struck and killed by a GMC Jimmy driven by appellant. Appellant immediately fled the scene. His car was subsequently found under the Anthony Wayne Bridge on the frozen river. The thickness of the ice prevented the vehicle from falling into the river. Appellant later turned himself into police and admitted that he had been driving under the influence of alcohol at the time of the accident. Appellant was indicted and charged with two counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(1), (B) and (C), first degree felonies; one count of failing to stop after an accident involving injury to persons or property in violation of R.C.4549.021 and 4549.99(B), a fifth degree felony; and tampering with evidence in violation of R.C 2921.12(A)(1), a third degree felony. On May 29, 2003, appellant withdrew his former plea of not guilty on all charges and entered a plea of no contest on two counts of aggravated vehicular homicide as second degree felonies, and one count of failing to stop, a fifth degree felony. The court accepted the pleas and referred the case to the probation department for a presentence investigation and report.
 {¶ 7} On June 16, 2003, the case proceeded to a sentencing hearing at which appellant gave a statement. In addition, a relative of the victims gave a statement and the court accepted numerous letters from both the victims' family and appellant's family. The court then imposed the sentences as set forth above. Appellant now challenges those sentences on appeal.
 {¶ 8} Because his assignments of error all address different aspects of his sentences, they will be addressed together. At the outset, we note that a defendant who is convicted of a second degree felony may appeal a prison sentence that was imposed on the ground that the sentence is contrary to law. R.C.2953.08(A)(4). Moreover, a defendant who is convicted of a fifth degree felony may appeal the imposition of a prison sentence on the ground that the court did not specify at the sentencing that it found one or more of the factors set forth in R.C.2929.13(B)(1)(a) to (i). R.C. 2953.08 (A)(2). In reviewing a sentence on appeal, the appellate court may increase, reduce or otherwise modify the sentence or may vacate the sentence and remand the matter for resentencing where it is established by clear and convincing evidence that the sentence is contrary to law or that the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), R.C. 2929.14(E)(4) or R.C.2929.20(H). R.C. 2953.08(G)(2).
 {¶ 9} R.C. 2929.11 requires that the sentencing judge be guided by "the overriding purposes of felony sentencing," which are to protect the public from future crime and to punish the offender. Accordingly, the trial court's sentence should be reasonably calculated to achieve these purposes, mindful of the seriousness of the offender's conduct and its impact upon the victim, and consistent with other sentences imposed for similar conduct by similar offenders. R.C. 2929.11 (B).
 {¶ 10} R.C. 2929.14(A)(2) provides that the sentencing range for a second degree felony is two, three, four, five, six, seven or eight years in prison. In addition, R.C. 2903.06(E) mandates a prison term for an offender who is convicted of aggravated vehicular homicide. For a felony of the fifth degree, R.C.2929.14(A)(5) provides a sentencing range of six, seven, eight, nine, ten, eleven or twelve months in prison.
 {¶ 11} When multiple prison terms are imposed on an offender for multiple offense convictions, the trial court has the option of imposing consecutive prison terms. R.C. 2929.14(E)(4). Under R.C. 2929.14(E)(4), a trial court is justified in imposing consecutive sentences if it finds that "consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." In addition, the court must find one of the following: 1) that the offender committed one or more of the multiple offenses while awaiting trial or sentencing, was under a community control sanction, or was under post-release control for a prior offense; 2) that at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that a single prison term does not adequately reflect the seriousness of the offender's conduct; or 3) that the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender. Id. When imposing consecutive sentences, the trial court must make the statutory findings and give reasons supporting those findings at the sentencing hearing. State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus.
 {¶ 12} In addition to the above, R.C. 2929.14(B) mandates that for a defendant who has not previously been sentenced to prison, the trial court must impose the shortest prison term possible unless it finds on the record that the shortest prison term will demean the seriousness of the offense or that such a term "will not adequately protect the public from future crime by the offender or others."
 {¶ 13} In the present case, the trial court was required to impose a mandatory prison term on appellant due to the nature of his offense, aggravated vehicular homicide. R.C. 2903.06(E). Appellant, however, had never before served a prison term. Accordingly, he was eligible for minimum prison terms. Nevertheless, the trial court sentenced appellant to two consecutive terms of five years each for the aggravated vehicular homicide convictions and an additional consecutive term of 11 months for the failure to stop conviction. Although none of the sentences was the maximum possible, in the aggregate the prison term exceeded the maximum possible under any one offense. In sentencing appellant as it did, the trial court first noted that it had considered the sentencing statutes, R.C. 2929.12 and2929.14. It then stated that although it had considered the minimum sentence, the minimum sentence would demean the seriousness of appellant's conduct and would not protect the public from future crime by appellant or others. The court's discussion of this consideration made it clear that it was reaching this conclusion with regard to both of the aggravated vehicular homicide convictions and the failure to stop conviction. The court next considered whether the sentences should run concurrently or consecutively. The court noted that the victims were relatively young and that to run the sentences concurrently would be an insult to them. By this statement, the court essentially said that to run the sentences concurrently would demean the seriousness of the offense. The court then expressly stated that it had considered R.C. 2929.14(E)(4)(b) and found that consecutive sentences were necessary to protect the public from future crime or to punish appellant and that consecutive sentences were not disproportionate to the seriousness of appellant's conduct and to the danger that appellant posed to the public. The court further found that at least two of the multiple offenses were committed as part of one or more courses of conduct and that the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflected the seriousness of appellant's conduct. In making this finding, the court stated that it also considered that appellant tried to "ditch" his car and did not even stop to see if the victims could be helped.
 {¶ 14} Appellant first argues that his sentences for aggravated vehicular homicide were not consistent with sentences imposed for similar crimes committed by similar offenders. Appellant cites a number of cases which he claims are similar to this case but in which the defendant was given a much lighter sentence. In particular, appellant relies on this court's decision in State v. Williams (Nov. 30, 2000), 6th Dist. Nos. L-00-1027 and L-00-1028, in which we found that Williams' six year sentence for two counts of aggravated vehicular homicide was not "consistent with sentences imposed for similar crimes committed by similar offenders." In that case, however, Williams was speeding when he caused the deaths of two people in a traffic accident and he was convicted of two third degree felonies. Other Lucas County cases relied upon by appellant are also dissimilar.
 {¶ 15} In State v. Lutman (June 30, 1999), 6th Dist. No. L-97-1447, the defendant was convicted of two counts of attempted involuntary manslaughter, both fourth degree felonies, after his speeding caused an accident that killed two people. Lutman was sentenced to five years of community control. In State v.Misiuda, Lucas County C.P. No. CR03-1722, the defendant was convicted of two third degree felony counts of aggravated vehicular homicide. She was sentenced to five years of community control with a number of conditions. It is noteworthy, however, that the court also ordered that the defendant would serve two consecutive five year terms of imprisonment if she violated the terms of her community control. In the current case, appellant was not eligible for community control. In State v. McCoy,
Lucas County C.P. No. CR02-2123, the defendant was convicted of only one count of aggravated vehicular homicide, a first degree felony, and was ordered to serve four years in prison. In Statev. Smith, Lucas County C.P. No. CR01-3204, the defendant was convicted of two counts of aggravated vehicular homicide, each first degree felonies, and was sentenced to two four year terms of imprisonment with the sentences to run concurrently. In that case, however, the court obviously did not find the factors necessary for the imposition of consecutive sentences.
 {¶ 16} We find the case of State v. Sisson, 6th Dist. No. L-01-1499, to be analogous to the current case. In that case, the defendant fled from police in a stolen car, creating a high speed chase situation. He then turned the wrong way onto a street and collided with a vehicle, killing its two occupants. The defendant was convicted of two counts of aggravated vehicular homicide, both second degree felonies, and one count of failure to comply with a police order, a third degree felony. He was sentenced to two six year terms of imprisonment for the second degree felonies and a four year term of imprisonment for the third degree felony, all sentences to be served consecutively. This court affirmed the convictions and sentences.
 {¶ 17} Upon consideration of the above, we cannot say that appellant's sentences were inconsistent with sentences imposed in similar cases.
 {¶ 18} Appellant further asserts that the court erred in finding that the shortest prison term would demean the seriousness of appellant's conduct and would not adequately protect the public from future crime by appellant and others and that the court erred in ordering appellant's sentences to be served consecutively. Upon a review of the sentencing hearing, however, we conclude that the trial court did support the sentences with the requisite findings.
 {¶ 19} Finally, appellant asserts that the trial court erred in imposing upon him a prison sentence for the fifth degree felony failure to stop conviction. More specifically, appellant asserts that in imposing this sentence, the court failed to comply with the mandates of R.C. 2929.13(B).
 {¶ 20} R.C. 2929.13(B)(1) provides that when sentencing an offender for a fifth degree felony offense, "the sentencing court shall determine" whether any of the conditions set forth in R.C.2929.13(B)(1)(a) to (i) apply. If the sentencing court finds one of the conditions and "if the court, after considering the factors set forth in [R.C. 2929.12], finds that a prison term is consistent with the purposes and principles of sentencing set forth in [R.C. 2929.11] and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender." R.C.2929.13(B)(2)(a). However, a trial court's failure to find one of the R.C. 2929.13(B)(1) factors does not preclude the imposition of a prison sentence. See State v. Abbott, 6th Dist. No. S-03-029, 2004-Ohio-3152; State v. Daniels, 8th Dist. No. 82972, 2004-Ohio-486; State v. Caldwell, 11th Dist. No. 2002-L-142, 2003-Ohio-6964; State v. Baird, 4th Dist. No. 02CA24, 2003-Ohio-1055; State v. Szymanski (Dec. 3, 1999), 6th Dist. No. WD-99-006. R.C. 2929.13(B)(2)(b) provides that if a sentencing court does not find one of the R.C. 2929.13(B)(1) factors, "and if the court, after considering the factors set forth in R.C. 2929.12 of the Revised Code, finds that a community control sanction or combination of community control sanctions is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code, the court shall impose a community control sanction or combination of community control sanctions upon the offender." That is, the court has discretion to determine whether community control sanctions or a prison term best comports with the purposes and principles of sentencing under R.C. 2929.11. Szymanski, supra. Accordingly, if, after considering the factors set forth in R.C. 2929.12, the court concludes that prison, rather than community control, is consistent with the purposes and principles of sentencing, the court may impose a prison sentence without expressly finding any of the R.C. 2929.13(B)(1) factors. Furthermore, whenever a trial court imposes a sentence of imprisonment for a fifth degree felony, whether based on R.C. 2929.13(B)(1) or upon R.C. 2929.11
and 2929.12, the court must give its reasons for imposing the prison term; these reasons must be stated orally, at the sentencing hearing. R.C. 2929.19(B)(2); Comer, surpa.
 {¶ 21} During appellant's sentencing hearing, the trial court made the following statements with regard to the fifth degree felony conviction: "The Court has also considered the sentencing statute 2929.12 * * * on the third count, the fifth degree felony, and finds that this offense obviously caused the victims serious physical harm because they were killed, thus making this offense more serious; recidivism is more likely because of the history of criminal convictions, and this overcomes the presumption on the fifth degree felony." The record reveals that appellant does have a history of minor alcohol related criminal convictions and one conviction for domestic violence. Moreover, the offense for which appellant was being sentenced, former R.C.4549.021 and 4549.99, included as an element that the accident that formed the basis of the failure to stop violation resulted in death or serious physical harm. See former R.C. 4549.99(B). The court, therefore, found the R.C. 2929.13(B)(1)(a) factor (serious physical harm to a person) and weighed the seriousness and recidivism factors of R.C. 2929.12. After this weighing, the court was required to determine that prison, rather than community control, was consistent with the purposes and principles of sentencing, before imposing a prison sentence. Although the record does not reflect that the court expressly made this determination, the court did find that the presumption of community control was overcome. We therefore conclude that the trial court did state on the record its reasons for imposing a prison term on appellant for the fifth degree felony conviction and that the reasons were supported by the record.
 {¶ 22} Accordingly, appellant's two assignments of error are not well-taken.
 {¶ 23} On consideration whereof, the court finds that appellant's sentences were not contrary to law and the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App.R.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J., Mark L. Pietrykowski, J., Judith Ann Lanzinger, J., concur.