JOURNAL ENTRY AND OPINION
{¶ 1} Appellant-Defendant Matthew McQuerry appeals from his sentencing for assault. For the reasons set forth below, we affirm.
 {¶ 2} On October 21, 2003, the State indicted Appellant with felonious assault, in connection with a physical altercation that occurred at Shooters on the Water in Cleveland in which the appellant punched Mark Moran causing injuries to his eye. Appellant pled not guilty to this charge.
 {¶ 3} On August 4, 2004, the State and the appellant reached a plea agreement that reduced the previous felony charge to assault, a first degree misdemeanor. Appellant entered a guilty plea and the victim gave an impact statement for the court. The trial court sentenced appellant to a six (6) month jail term with a two hundred and fifty dollar ($250.00) fine. The six (6) month sentence is the maximum sentence permitted under Ohio Revised Code Section 2929.24 for a first degree misdemeanor. Appellant now appeals and assigns two errors for our review. For the sake of convenience, we will address the two assignments out of their designated order.
 {¶ 4} Appellant's second assignment of error states:
 {¶ 5} "The trial court violated the appellant's Sixth Amendment rights when it sentenced the appellant to the longest possible jail term pursuant to 2929.24 and based upon R.C. 2929.24 [sic 2929.22]."
 {¶ 6} Appellant argues that the trial judge should not have imposed the maximum sentence without a jury making findings and relies on Blakelyv. Washington (2004), 542 U.S. ___, 124 S. Ct. 2531,159 L. Ed.2d 4003, in making this assertion. Blakely, however, is inapplicable to the instant action.
 {¶ 7} In Blakely, the defendant argued that this sentencing procedure deprived him of his federal constitutional right to have a jury determine, beyond a reasonable doubt, all facts legally essential to his sentence. The Supreme Court argued and held that the statutory maximum is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. Blakely,supra, at 2537. In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. Id.
 {¶ 8} The state and federal Constitutions' guarantee of a jury trial in criminal cases is not an absolute, and unrestricted right in Ohio with regard to misdemeanors. State v. Tate (1979), 59 Ohio St.2d 50, 52,391 N.E.2d 738 quoting Mentor v. Giordano (1967), 9 Ohio St.2d 140,224 N.E.2d 343, paragraph one of the syllabus. In a "serious" offense case, the right to a jury is automatic and does not require a defendant to demand it or make an affirmative written document waiving the right. Crim.R. 23(A); State v. Fish (1995), 104 Ohio App.3d 236, 238-39,661 N.E.2d 788; Tate, supra. Conversely, where the charge involves a "petty" offense, a defendant's right to a jury trial is not automatic. SeeFish, supra. A petty offense can be defined as any offense with a penalty of six months' incarceration or less. Crim.R. 2.
 {¶ 9} The case sub judice is distinguishable from Blakely, supra. In this case, appellant pled guilty to assault, a first degree misdemeanor, and was sentenced to a six (6) months jail term, the maximum permitted under Ohio's misdemeanor sentencing laws. In other words, the appellant was charged with a "petty offense," which does not afford the appellant an automatic right to a jury trial. As a jury trial is not automatic when dealing with petty offenses, Blakely, supra, does not apply to such cases. Accordingly, the maximum sentence of a six (6) month jail term prescribed by law and imposed by the trial court in this instance does not violate Appellant's Sixth Amendment right to a trial by jury.
 {¶ 10} The second assignment of error is without merit.
 {¶ 11} Appellant's first assignment of error states:
 {¶ 12} "The trial court abused its discretion under R.C. 2929.22 when it sentenced the appellant to the maximum jail term allowable under law."
 {¶ 13} A trial court has broad discretion when sentencing a defendant in a misdemeanor case. State v. Yontz (1986), 33 Ohio App.3d 342, 343,515 N.E.2d 1012. A sentence will not be disturbed without an affirmative showing of an abuse of discretion. State v. Nite Clubs of Ohio, Inc., Mahoning App. No. 03 MA 20, 2004-Ohio-4989; Rocky River v. Burke,
Cuyahoga App. No. 78578, 2002-Ohio-1651. Providing that the sentence levied is within the limits dictated by the law and the record displays the trial court's consideration of the statutory criteria, a trial court does not abuse its discretion. Toledo v. Reasonover (1965),5 Ohio St.2d 22, 213 N.E.2d 179, paragraph one of the syllabus; RockyRiver, supra.
 {¶ 14} In the case sub judice, the trial court's imposition of a six month jail term upon the appellant is a sentence imposed within the limits of Ohio law. Appellant was sentenced to a six (6) month jail term after pleading guilty to a first degree misdemeanor. R.C. 2929.24(A)(1), the sentencing statute governing misdemeanors, states:
 {¶ 15} "(A) Except as provided in section 2929.22 or 2929.23 of the Revised Code and unless another term is required or authorized pursuant to law, if the sentencing court imposing a sentence upon an offender for a misdemeanor elects or is required to impose a jail term on the offender pursuant to this chapter, the court shall impose a definite jail term that shall be one of the following:
 {¶ 16} "(1) For a misdemeanor of the first degree, not more than one hundred eighty days; * * * *"
 {¶ 17} While the six (6) month jail term imposed by the trial court in this case was the maximum dictated by law, the sentence is within the statutory limits prescribed by R.C. 2929.24.
 {¶ 18} Not only was the sentence within the statutory limits, but the defendant failed to establish that the trial court disregarded the statutory criteria. When determining a misdemeanor sentence, R.C. 2929.22
does not mandate that the record reveal the trial court's consideration of the statutory criteria. See State v. Adams, Licking App. No. 2002CA00089, 2003 Ohio 3169; State v. Polick (1995), 101 Ohio App.3d 428,431, 655 N.E.2d 820; State v. Gilbo (1994), 96 Ohio App.3d 332, 340,645 N.E.2d 69; Columbus v. Jones (1987), 39 Ohio App.3d 87, 89,529 N.E.2d 947. Instead, as we stated in Cleveland Heights v. Seastead
(Oct. 12, 1995), Cuyahoga App. No. 68875, unreported, "it is presumed that the trial court considered the factors contained in R.C. 2929.12 and R.C. 2929.22 in the sentencing process unless it appears from the record that the court unreasonably ignored them, or acted out of bias, prejudice and preconceptions." See, also, Pollack, supra.
 {¶ 19} There is nothing in the record that indicates that the trial court did not consider the criteria in 2929.22. On the contrary, the record reveals that the trial court considered the brutality of the crime, the protection of the public, the nature and circumstances of offense, the victim's statement, and the photographs of victim's injuries. All are factors the court is required to consider.
 {¶ 20} Appellant erroneously maintains that, because appellant did not have a prior criminal record, the trial court must have disregarded the criteria. While R.C. 2929.22 states that the history of the offender is a factor to be considered, the trial court need not rely solely on this one factor.
 {¶ 21} As the six (6) month sentence imposed is within the limits prescribed by law and the record reveals that the trial court considered the statutory criteria, the court did not abuse its discretion in sentencing the appellant to the maximum sentence for a first degree misdemeanor.
 {¶ 22} The first assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, J., and Calabrese, Jr., J., concur.