OPINION
{¶ 1} Defendant-appellant, Vincent G. Pina (hereinafter "Pina"), appeals the judgment of the Hancock County Court of Common Pleas finding him guilty of aggravated assault, sexual battery, aggravated burglary and kidnapping and sentencing him to an aggregate term of imprisonment of seventeen years, two months.
 {¶ 2} Pina's convictions stem from two separate incidents. In case number 2002-CR-164, Pina engaged in an argument with his then girlfriend, Kelly Powell. The argument escalated and Pina allegedly struck Powell with a golf club, resulting in injury. Pina was indicted on two counts of Felonious Assault as a result of this incident and released on bond.
 {¶ 3} In case number 2003-CR-69, while out on bond, Pina allegedly broke into the home of Teresa Stanforth, Pina's former girlfriend and the mother of his child. The state alleged that Pina broke in, taped Stanforth's mouth, held her down, threatened her and engaged in non-consensual anal intercourse. Pina was subsequently indicted on one count of Rape, one count of Aggravated Burglary, one count of Kidnapping and one count of Possession of Criminal Tools.
 {¶ 4} On October 20, 2003, in case number 2002-CR-164, Pina pled guilty to the lesser included offense of Aggravated Assault, a felony of the fourth degree. The second count of Felonious Assault was dismissed. The same day, in case number 2003-CR-69, Pina pled guilty to Sexual Battery, a third degree felony; Aggravated Burglary, a first degree felony; and Kidnapping, a first degree felony. The count of Possession of Criminal Tools was dismissed. The trial court found Pina guilty of each offense and set the cases for sentencing for January 15, 2004.
 {¶ 5} On January 15, 2004, Pina came before the court for sentencing. At the hearing, however, Pina fired his attorney and sentencing was continued until February 5, 2004. The case was subsequently continued four more times while Pina was attempting to retain counsel and was finally set for sentencing on April 8, 2004.
 {¶ 6} On April 7, 2004, the day before the sentencing hearing, Pina filed a motion to withdraw his guilty pleas. A hearing was held on the motion to withdraw on May 20, 2004 and August 5, 2004. In an entry journalized on September 16, 2004, the trial court overruled Pina's motion.
 {¶ 7} Pina was finally sentenced on November 10, 2004. In case number 2002-CR-164, Pina was sentenced to fourteen months in prison for Aggravated Assault. In case number 2003-CR-69, the trial court sentenced Pina to four years for Sexual Battery, seven years for Aggravated Burglary and five years for Kidnapping. The trial court ordered all the terms to be served consecutively for a total term of seventeen years, two months.
 {¶ 8} It is from the denial of his motion to withdraw and the entry of sentence that Pina now appeals to this court. He sets forth five assignments of error for our review. For clarity of analysis, we will address Pina's assignments of error out of the order in which they appear in his brief.
 ASSIGNMENT OF ERROR NO. V The trial court erred by denying Mr. Pina's presentence motionto withdraw his plea.
 {¶ 9} Pina argues that the trial court erred by denying his motion to withdraw his guilty pleas asserting that he only pled guilty because his original trial counsel was not prepared for trial. Therefore, he contends that trial counsel "persuaded and cajoled" him into pleading guilty. Pina claims he did not want to waive his right to a jury trial, but he did so only after his counsel convinced him he had no other option and without even knowing what kind of sentence he would receive.
 {¶ 10} Generally, a motion to withdraw a guilty plea filed before sentencing "should be freely allowed." State v. Xie (1992),62 Ohio St.3d 521, 527, paragraph one of the syllabus. However, a defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. Id. Although there is no time limit for filing a motion to withdraw a guilty plea, an undue delay between the occurrence of the alleged cause for the withdrawal of the plea and the filing of such a motion is a factor that affects the credibility of a defendant and weighs against allowing a defendant's plea to be withdrawn. State v. Smith
(1977), 49 Ohio St.2d 261, paragraph three of the syllabus; State v.Jackson (Mar. 31, 2000), Trumbull App. No. 98-T-0182. The decision to allow withdrawal is entirely within the discretion of the lower court and the court's decision should not be disturbed on review unless it is an abuse of discretion. State v. Peterseim (1980), 68 Ohio App.2d 211 at paragraphs one and two of the syllabus.
 {¶ 11} The entry of a guilty plea is an admission of factual guilt. See Crim.R. 11(B)(1). A criminal defendant who has entered a guilty plea "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." State v. Spates (1992), 64 Ohio St.3d 269, 272, citation omitted. Rather, a criminal defendant who pleads guilty is limited on appeal to attacking the voluntary and intelligent nature of the plea. Id. Accordingly, we need only to determine whether the conduct of Pina's trial counsel affected the voluntary nature of his plea.
 {¶ 12} The voluntariness of a guilty plea can be determined only by considering all of the relevant circumstances surrounding it. Brady v.United States (1970), 397 U.S. 742. The transcript of the plea hearing reveals that the trial court's colloquy with Pina was exceedingly thorough. On multiple occasions the court encouraged Pina to ask questions and confer with counsel regarding anything that was not understood. Considering the circumstances of Pina's pleas, we can find no indication that Pina was not satisfied with his counsel's performance, that his trial counsel influenced his pleas, or that his guilty pleas were not voluntary. Accordingly, we find that the trial court did not abuse its discretion in denying Pina's motion to withdraw his guilty pleas.
 {¶ 13} Pina's fifth assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. II The trial court erred by imposing non-minimum sentences without makingthe appropriate findings.
 {¶ 14} In his remaining assignments of error, Pina alleges error in the imposition of his prison sentence. On an appeal from the imposition of sentence, an appellate court may remand the case, or increase, reduce, or otherwise modify the sentence, if it clearly and convincingly finds that the record does not support the sentence. See R.C.2953.08(G)(1)(a).
 {¶ 15} In this particular assignment of error, Pina argues that the trial court erred in imposing a sentence that was more than the minimum term without making the required findings. Specifically, Pina asserts that he could not have been sentenced to more than the minimum term because he has not served a prior prison term and the trial court did not find that a non-minimum sentence was necessary to protect the public.
 {¶ 16} R.C. 2929.14(B) provides in pertinent part:
 * * * if the court imposing a sentence upon an offender for a felonyelects or is required to impose a prison term on the offender, the courtshall impose the shortest prison term authorized for the offense pursuantto division (A) of this section, unless one or more of the followingapplies:
 (1) The offender was serving a prison term at the time of the offense,or the offender previously had served a prison term.
 (2) The court finds on the record that the shortest prison term willdemean the seriousness of the offender's conduct or will not adequatelyprotect the public from future crime by the offender or others.
 {¶ 17} At Pina's sentencing hearing, the trial court stated, "[t]he Court finds that minimum sentences in this case based upon this Court's other findings would not adequately protect the public, would demean the seriousness in the Court's view of the offender's conduct." Accordingly, we hold that the trial court's imposition of non-minimum terms is supported by the court's finding, on the record, that R.C. 2929.14(B)(2) applied to the circumstances of Pina's offenses.
 {¶ 18} Pina's second assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. III The trial court erred by imposing consecutive sentences without clearlyaligning its reasons with its findings.
 {¶ 19} In this assignment of error, Pina alleges that the trial court made findings that might support the imposition of consecutive sentences, but that the court did not align its reasons for consecutive sentences with its findings. Accordingly, Pina requests his sentence be vacated.
 {¶ 20} Before consecutive sentences may be imposed, the trial court is required to make several findings in accordance with R.C. 2929.14 and R.C. 2929.19. First, the sentencing court must find that consecutive sentences are "necessary to protect the public" or to "punish the offender." R.C. 2929.14(E)(4). Second, the court must find that consecutive sentences are "not disproportionate to the seriousness of the offender's conduct and to the danger he poses to the public." Id. Finally, the trial court must find the existence of one of the three following circumstances:
(a) the offender committed one or more of the multiple offenses whilethe offender was awaiting trial or sentencing * * * or was underpost-release control for a prior offense;
 (b) * * * the harm caused by * * * the multiple offenses was so greator unusual that no single prison term for any of the offenses committedas part of a single course of conduct adequately reflects the seriousnessof the offender's conduct;
 (c) the offender's history of criminal conduct demonstrates thatconsecutive sentences are necessary to protect the public from futurecrime by the offender.
 {¶ 21} In addition to these findings, the trial court must give its reasons for imposing consecutive sentences. See R.C. 2929.19(B)(2)(c). Therefore, the trial court must not only make the required findings under R.C. 2929.14(E)(4), but must also substantiate those findings by "identifying specific reasons supporting the imposition of consecutive sentences." State v. Brice (March 29, 2000), 4th Dist. No. 99CA21.
 {¶ 22} As Pina concedes, the trial court made the required findings. With regard to the reasons in support of consecutive sentences, the trial court made clear that the determination of consecutive sentences was based upon the facts of the case. Specifically, the trial court stated:
I do know that this offender's conduct is serious, when we are talkingabout basically non-consensual anal intercourse, when we are talkingabout forcible breaking into a home when there is a civil protectionorder in place, when there are young people in the next room, and when wejourney to the kitchen and examine the cutlery in a kitchen drawer toattempt to influence the situation. Mr. Pina, these facts are justatrocious. I can't say it any way else. They are facts that come out ofsome novel, not facts that are supposed to happen in every day life.
 All that considered, the Court is going to order that the sentence in2002-CR-164 of 14 months be served consecutively to the sentences in2003-CR-69.
 {¶ 23} Our review of the record indicates that the trial court's reasons were sufficiently articulated. Therefore, we can not find, by clear and convincing evidence, that Pina's sentence was contrary to law.
 {¶ 24} Pina's third assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. IV The trial court erred by sentencing Pina based on facts not found bythe jury or admitted by Mr. Pina.
 {¶ 25} Pina asserts that his sentence is void because without presenting the issue of sentencing to a jury, a trial court may only sentence an offender to minimum, concurrent sentences. In support, Pina relies on the recent United States Supreme Court decisions in Apprendiv. New Jersey (2000), 530 U.S. 466 and Blakely v. Washington (2004), 542 U.S. ___, 124 S.Ct. 2531.
 {¶ 26} The court in Apprendi held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." Id. at 490. In Blakely, the court held that, for purposes of Apprendi, the relevant statutory maximum is the "maximum a judge may impose based solely on the facts reflected in the jury verdict or admitted by the defendant." Id. at syllabus.
 {¶ 27} This court, however, has determined that Blakely is not applicable to Ohio's statutory scheme. See State v. Trubee (2005), 3d Dist. No. 9-03-65. In Trubee, we recognized the differences between the judicial fact-finding found unconstitutional in Blakely and the determinations that an Ohio sentencing court must make before imposing a sentence under Ohio law. We determined:
[u]nlike the Washington statute, the sentencing "range" created byR.C. 2929.14(B) is not "the maximum sentence a judge may impose solely onthe basis of the facts reflected in the jury verdict or admitted by thedefendant." Blakely, 124 S.Ct. at 2537. Rather, it limits a defendant'spotential sentence within the statutory range created by R.C. 2929.14(A).Put simply, the facts reflected in a jury verdict convicting a defendantof a third degree felony allow a sentence of up to five years. R.C.2929.14(B) merely limits judicial discretion in sentencing within thatrange. Trubee, id. at ¶ 23.
 {¶ 28} In the case sub judice, Pina was sentenced within the respective ranges provided by R.C. 2929.14(B) for each offense of which he was convicted. Therefore, based on our decision in Trubee, we do not find that the trial court's imposition of more than minimum terms was contrary to law.
 {¶ 29} With regard to the imposition of consecutive sentences, even if we were to apply the reasoning of Blakely to Ohio felony sentencing, we do not find that appellant's sentence is in conflict with that decision. The Apprendi and Blakely holdings concern the limitations for punishment for one conviction and have no application as to whether sentences for multiple, separate crimes should be served concurrently or consecutively. In the absence of such a holding, we find that the trial court's determination that appellant's sentences should be served consecutively was not a violation of Apprendi or Blakely.
 {¶ 30} Pina's fourth assignment of error is overruled.
 ASSIGNMENT OF ERROR NO. I The trial court erred by imposing a void sentence.
 {¶ 31} In the remaining assignment of error, Pina contends that his sentence is void because although the trial court added post-release control to the judgment entry, it did not include it in the sentence imposed in open court. Pina contends this is a violation of R.C. 2929.19(B) and requires his sentence to be vacated.
 {¶ 32} R.C. 2929.19 mandates certain procedures that are to be used in all sentencing hearings. One of those procedures is that the court shall "notify the offender that the offender will be supervised under section2967.28 of the Revised Code after the offender leaves prison if the offender is being sentenced for a felony of the first degree or second degree * * *." R.C. 2929.19(B)(3)(c).
 {¶ 33} At one time, the Supreme Court of Ohio had determined that "a trial court must inform the defendant at sentencing or at the time of aplea hearing that post-release control is part of the defendant's sentence." Woods v. Telb, 89 Ohio St.3d 504, paragraph two of the syllabus. Emphasis added. Since Woods was decided, however, the Supreme Court has revisited the issue.
 {¶ 34} In State v. Jordan, the court specifically addressed the issue of whether a trial court must notify an offender of post-release control at the time of sentencing or whether the court may simply incorporate such a notice into its sentencing entry. See 104 Ohio St.3d 21. TheJordan court stated that "when a trial court fails to notify an offender about post-release control at the sentencing hearing but incorporates that notice into its journal entry imposing sentence, it fails to comply with the mandatory provisions of R.C. 2929.19(B)(3)(c) and (d)." Id. at 27.
 {¶ 35} Consequently, this court recently held that Jordan effectively overruled Telb on the issue of notification of post-release control. SeeState v. Harris, 3d Dist. No. 5-04-46, 2005-Ohio-2503. In Harris, we held that a trial court is required to notify a defendant of post-release control at the time of sentencing. Id.
 {¶ 36} In the instant case, the following exchange took place at Pina's plea hearing:
Court: * * * if you go to prison as a part of this Court's sentence onany of these charges, the department of rehabilitation and correction,upon your release from prison, can order that you be placed on somethingcalled post release control. * * * If they decide to do that in thisparticular case, because the sexual battery charges involved here is a sexoffense, they can order post release control for up to 5 years. Do youunderstand that?
 Pina: Yes, sir.
 Court: Now, that means they can give you terms and conditions tofollow, to live by, if and when you come out of the institution. Do youunderstand?
 Pina: Yes, sir.
 Court: Now, do you understand under Ohio law they can also take youback to prison if you violate those post release control sanctions? Nowthey're going to have basically a probable cause hearing before anon-judicial hearing officer. In other words, an ODRC supervisor is goingto visit you in jail, have a pretty nonformal evidentiary hearing with anofficer, and order that you be taken back to prison or not, if youviolate post release control sanctions. Do you understand?
 Pina: Yes, sir.
 Court: Now, in doing that they can take you back to prison fornot more than 9 months for any one post release control sanctionviolation. Do you understand that?
 Pina: Yes, sir.
 Court: The total aggregate time of taking you back to prison for a postrelease control sanction violation cannot exceed 50 percent of thisCourt's original stated prison term. Do you understand that?
 Pina: Yes, sir.
 Court: You and [your counsel] talked about that?
 Pina: Yes, sir.
 {¶ 37} From this exchange, it is clear that Pina was informed about post-release control at his change of plea hearing. However, as Pina asserts, the trial court failed to inform Pina of his post-release control again at the sentencing hearing, as Jordan makes clear the statute requires, but rather only included it in the sentencing entry. See 104 Ohio St.3d at 27. This failure constitutes error.
 {¶ 38} We recognize, though, that Pina was sentenced on November 10, 2004, prior to the release of either the Jordan or Harris decisions and, therefore, the trial court did not have the benefit of the clarification of this issue provided by these cases.
 {¶ 39} Pina's first assignment of error is sustained.
 {¶ 40} Having found error prejudicial to appellant herein regarding the notification of post-release control, we reverse the judgments of the trial court and remand the matter for resentencing. Having found no error prejudicial to appellant on the other assignments of error raised, we affirm the judgments of the trial court as to those matters.
Judgments affirmed in part and reversed in part and cause remanded.
 Bryant and Rogers, JJ., concur.