JOURNAL ENTRY and OPINION
{¶ 1} Appellant Ricardo Rivera appeals from the consecutive sentence imposed by the trial court. Rivera assigns the following error for our review:
"I. The trial court erred by sentencing the appellant toconsecutive sentences."
 {¶ 2} Having reviewed the record and pertinent law, we vacate Rivera's sentence and remand the matter for resentencing. The apposite facts follow.
 {¶ 3} On December 16, 2003, the Cuyahoga County Grand Jury indicted Rivera on sixty-four counts. The counts consisted of thirty counts for rape in violation of R.C. 2907.02, twenty-seven counts for kidnapping in violation of R.C. 2905.01, and seven counts for gross sexual imposition in violation of R.C. 2907.05. The charges arose from Rivera sexually abusing two girls, who were between the ages of ten and fourteen years old when the acts took place. The girls were in Rivera's care while their mother was at work.
 {¶ 4} Rivera pled guilty to two counts of rape, six counts of gross sexual imposition, and six counts of kidnapping. The remaining counts were dismissed.
 {¶ 5} Rivera was sentenced to six consecutive years on each of the rape counts and one year on each of the remaining counts to be served concurrently to the rape sentences for a total sentence of twelve years. Rivera now appeals.
 {¶ 6} In his sole assigned error, Rivera argues that the trial court failed to state the required findings and reasons for imposing consecutive sentences pursuant to R.C. 2929.14(E)(4). We agree.
 {¶ 7} In imposing consecutive prison terms for convictions of multiple offenses, the trial court must make certain findings enumerated in R.C. 2929.14(E)(4). According to this statute, a court may impose consecutive sentences only when it concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime.[1]
 {¶ 8} When the trial court makes the above findings, it must state on the record its reasons for the findings.[2]
 {¶ 9} In the instant case, in imposing consecutive sentences, the trial court stated:
"I don't think that anything like the minimum time is appropriate for several reasons. One, because there are two victims and incidents that occurred over a period of time. This isn't like one thing that happened in one drunken night. This was something that you did over a long time and you took advantage of these two girls and of the trust that was put in you.
"The other reason is that you have a previous conviction for a sexually oriented offense and went to prison and went back to the same thing. And that's — that also makes it tougher to deal with. So your sentence is going to be counts 1 and 56, those are the two rapes that you pled to, six years on each of those. Those sentences, however, are to be served consecutively with one another for a total sentence of 12 years.
"The remaining counts, 2, 3, 4, 32, 33, 34, 57, 58, 59, 62, 63 and 65, those sentences will be one year. All sentences to be served concurrent with one another and concurrently with the 12 years you're doing on counts 1 and 56.
"I think it's appropriate that you do a lengthy period in prison. I think it's appropriate that you see light at the end of the tunnel, so that at some time before you're an old man you will be able to get back and we hope lead a decent life.
"I do have to state for the record that I believe that anything less than six years consecutively on these counts 1 and 56 would both demean the seriousness of the offenses and would not adequately protect the public based upon what I see in this case and also based on your prior record, particularly on the other sexual battery case."[3]
 {¶ 10} The trial court failed to make the requisite findings pursuant to R.C. 2929.14(E)(4) in imposing the sentences consecutively. Instead, it appears the trial court engaged in the minimum sentence analysis pursuant to R.C. 2929.14(B).
 {¶ 11} Rivera's counsel had requested the minimum sentence. The trial court, in responding to counsel's request, stated that a minimum sentence was not appropriate. It then went on to state that based on the facts of the case and Rivera's prior history, anything less than the consecutive sentence "would both demean the seriousness of the offenses and would not adequately protect the public." This is the exact language set forth in R.C.2929.14(B) regarding the imposition of more than the minimum sentence. Therefore, it appears that the trial court spent a great deal of time justifying why the minimum sentence was not appropriate and failed to engage in the requisite consecutive sentence analysis.
 {¶ 12} Although the court's finding the sentence was necessary "to protect the public" because of Rivera's prior criminal history, could satisfy the first and last prongs of the R.C. 2929.14(E) requirements, the court failed to find the sentence was "not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."[4] Therefore, because the trial court failed to engage in the requisite analysis pursuant to R.C. 2929.14(E)(4) in imposing the consecutive sentence, Rivera's sole assigned error has merit and is sustained.[5]
Sentence vacated and cause remanded for resentencing.
Sentence is vacated and the cause is remanded for resentencing.
It is, therefore, ordered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J., Concur;
 Kilbane, J., Concurring and Dissenting with attached opinion.
[1] R.C. 2929.14(E).
[2] State v. Gray (Feb. 22, 2001), Cuyahoga App. No. 77849.
[3] Tr. at 34-35.
[4] R.C. 2929.14(E).
[5] Although Rivera does not contend that his consecutive sentence violates the U.S. Supreme Court's decision set forth inBlakely v. Washington (2004), ___ U.S. ___ 2531,159 L.E.2d 403, this court, in its en banc decision of State v. Lett (May 31, 2005), Cuyahoga App. Nos. 84707 and 84729, held that R.C.2929.14(E), which governs the imposition of consecutive sentences, does not implicate the Sixth Amendment as construed inBlakely.
 CONCURRING AND DISSENTING OPINION