DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Richard Bulgin, appeals from his convictions in the Lorain County Court of Common Pleas. This Court affirms.
 I. {¶ 2} On February 13, 2004, the Lorain County Grand Jury indicted Appellant on three counts of aggravated trafficking in cocaine, violations of R.C. 2925.03(A)(1), felonies of the first degree, and two counts of permitting drug abuse in a motor vehicle, violations of R.C. 2925.13(A), misdemeanors of the first degree. On January 14, 2005, Appellant entered a guilty plea to all the charges in the indictment.
 {¶ 3} On March 22, 2005, the trial court sentenced Appellant to a term of five years incarceration on count one (1), five years incarceration on count two (2), six months incarceration on count three (3), five years incarceration on count four (4), and six months incarceration on count five (5). The trial court ordered that the sentences be served concurrently for an aggregate total of five years incarceration.
 {¶ 4} Appellant timely appealed his convictions on April 13, 2005, raising one assignment of error for our review.
 II. ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED AND VIOLATED [APPELLANT'S] RIGHTS PROTECTED BY THE SIXTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHEN IT SENTENCED APPELLANT BASED ON ALLEGED FACTS THAT WERE NOT ADMITTED OR PROVEN BEYOND A REASONABLE DOUBT BEFORE A JURY."
 {¶ 5} In his sole assignment of error, Appellant argues that the trial court engaged in unconstitutional fact finding in order to impose more than the minimum sentence. Specifically, Appellant asserts that U.S. v. Booker (2005), 543 U.S. 220 and Blakelyv. Washington (2004), 542 U.S. 296 compel reversal of his sentence. We disagree.
 {¶ 6} This Court has previously held that Blakely is inapplicable to Ohio's sentencing scheme. State v. Rowles, 9th Dist. No. 22007, 2005-Ohio-14, at ¶ 19. We have also held thatBooker provided no rationale for this Court to revisit our prior holding. State v. Burns, 9th Dist. No. 22198,2005-Ohio-1459, at ¶ 5. Accordingly, Appellant's sole assignment of error is overruled.
 III. {¶ 7} Appellant's sole assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Carr, J., concur.